William Edward HANIE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–90–00951–CR, 05–90–00952–CR.

Court of Appeals of Texas, Dallas.

Aug. 1, 1991.

Rehearing Denied Sept. 17, 1991.

J. Stephen Cooper, Dallas, for appellant.

Kathleen A. Walsh, Dallas, for appellee.

Before STEWART, KINKEADE and BURNETT, JJ.

## OPINION

KINKEADE, Justice.

William Edward Hanie, Jr. appeals his convictions of sexual assault of a child and aggravated sexual assault of a child. After a bench trial, the court assessed punishment at thirty-five years' imprisonment in the state penitentiary. In four points of error, Hanie argues that (1) the record affirmatively shows no effective written jury trial waivers filed in either of these cases, (2) he was denied effective assistance of counsel, and (3) the trial court failed to file findings of fact and conclusions of law regarding the voluntariness of his statement. Because no effective written jury trial waivers were filed, we reverse the judgments of the trial court and remand for a new trial.

## PROCEDURAL HISTORY

On September 8, 1989, the State indicted William Edward Hanie, Jr. in cause numbers F89–86061–S and F89–86060–IS for sexual assault of a child and aggravated sexual assault of a child. On March 12, 1990, Hanie executed and filed jury trial waivers for both cases. After dismissing the original indictments, the State reindicted Hanie on April 6, 1990 in both cases in cause numbers F90–01194–MS and F90–01195–MS. The court held a bench trial on both cases on May 14, 1990. Immediately before trial on the merits, Hanie filed a motion to adopt pleadings, which requested that the court adopt all motions filed in the original cases. There exists no evidence in the record that the trial court made either a written or an oral ruling on Hanie's motion. The trial court's judgments recite that Hanie executed written jury waivers in open court.

Hanie timely filed a motion for new trial, alleging that he never requested a ruling on his motion to adopt pleadings, that the jury trial waivers file stamped by the clerk on March 12, 1990, were not prepared for the present case, and that the trial proceeded without effective written jury trial waivers. The State asserted that the trial court had affirmatively ruled on the motion to adopt pleadings off the record and that the motion included the written jury trial waivers. After holding a hearing, the trial court denied Hanie's motion for new trial.

## PURPORTED JURY TRIAL WAIVERS

In his first point of error, Hanie contends that no effective written jury trial waivers exist. He argues that the trial court never made either a written or an oral ruling on his motion to adopt the pleadings and jury trial waivers from the original indictments.

██ This Court presumes regularity in the judgment and is bound by the recita-

tions in the record absent direct proof of their falsity. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984). No person can be convicted of a felony in a nonjury trial unless the defendant waives his right to a jury trial in accordance with article 1.13 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 1.13 (Vernon 1977); *Foster v. State*, 661 S.W.2d 205, 209 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). The absence alone of a formal jury trial waiver is insufficient, without more, to rebut the presumption of regularity. The appellant must affirmatively show that he did not execute a jury trial waiver. *Breazeale*, 683 S.W.2d at 450–51.

■ In *Breazeale*, the court held that appellants did not affirmatively show that they did not execute jury trial waivers. However, the court in *Breazeale* viewed a silent record and no request by appellants for the inclusion of the formal written jury waivers in the record of appeal, which each was presumed to have executed. In this case, Hanie requested the inclusion of the formal written jury waivers, if any, which the State alleges that he executed for the present cases. The State reindicted Hanie on April 6, 1990. Both the State and Hanie agree that the only documents included in the record in response to this request bear a date prior to Hanie's reindictment. Hanie and the State agree that the only jury waivers, if any, filed in this case bear a file mark date of March 12, 1990, the date that Hanie executed and filed jury trial waivers pursuant to the original indictments. Although the judgments in these cases recite that Hanie executed written jury trial waivers in open court, the record on its face directly contradicts the trial court's recitations. The March 12, 1990 waivers precede Hanie's April 6, 1990 reindictment and affirmatively show that there were no written jury waivers filed in either case.

The State does not controvert that the March 12, 1990 jury waivers are the only jury waivers before this Court. The State argues that Hanie's motion to adopt all his pleadings filed in the two prior indictments placed the March 12, 1990 jury waivers in the record of the present cases. However, the State can point to no evidence in the record that the trial court ever ruled on Hanie's motion to adopt pleadings. Without a ruling adopting these waivers, this record affirmatively shows no effective jury waivers filed in either of the present cases. Accordingly, the presumption of regularity of the judgment is not controlling. Because no effective written jury trial waivers were filed in these cases, the trial court erred in overruling Hanie's motion for a new trial. We sustain Hanie's first point of error.

■ We expressly disclaim any holding that jury waivers executed with respect to prior indictments can never be used in subsequent prosecutions under new indictments. In order for the jury waivers executed under prior indictments to be effective after subsequent reindictments, there must be an affirmative showing that the jury waivers were adopted or that the parties intended to include the jury waivers in the record.

Because of our disposition of Hanie's first point of error, we need not address his remaining points. We reverse the trial court's judgments and remand these causes for a new trial.