Chet A. **HURD**, Plaintiff,

v.

**PITTSBURG STATE UNIVERSITY,**
**Defendant.**

No. 92–2253–JWL.

United States District Court,
D. Kansas.

June 28, 1995.

Mark A. Buchanan and Bert S. Braud, the Popham Law Firm, Kansas City, MO, for plaintiff.

Carl A. Gallagher, Kevin D. Case, Lisa M. Huson, Office of the Atty. Gen., Topeka, KS, and Mark S. Braun, Kansas State Bd. of Nursing, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

In this employment discrimination action, the plaintiff Chet A. Hurd alleged that the defendant Pittsburg State University (PSU) discharged him in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Plaintiff's claim was tried to a jury from May 2 to May 5, 1995. The jury ultimately found in favor of PSU and a final judgment was entered to so reflect. This matter is currently before the court on plaintiff's motion for a new trial (Doc. # 85) on the grounds that the court erred in overruling plaintiff's *Batson* [1] challenge and erred in instructing the jury. For the reasons set forth fully below, plaintiff's motion is denied.

▮▮▮ Motions for a new trial are committed to the sound discretion of the trial court. *McDonough Power Equip., Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984); *Hinds v. General Motors Corp.,* 988 F.2d 1039, 1046 (10th Cir. 1993). They are "not regarded with favor and should only be granted with great caution." *United States v. Kelley,* 929 F.2d 582, 586 (10th Cir.), *cert. denied,* 502 U.S. 926, 112 S.Ct. 341, 116 L.Ed.2d 280 (1991). In reviewing a motion for a new trial the court must view the evidence in the light most favorable to the prevailing party. *Griffin v. Strong,* 983 F.2d 1544, 1546 (10th Cir.1993). A new trial based upon an error of law is unwarranted unless that error affected the substantial rights of the parties. Fed. R.Civ.P. 61; *Heyen v. United States,* 731 F.Supp. 1488, 1489 (D.Kan.1990), *aff'd* 945 F.2d 359 (10th Cir.1991). "The party seeking to set aside a jury verdict must demonstrate trial error which constitutes prejudicial error or that the verdict is not based on substantial evidence." *White v. Conoco, Inc.,* 710 F.2d 1442, 1443 (10th Cir.1983). The court should "ignore errors that do not affect the essential fairness of the trial." *McDon-*

*ough Power Equip., Inc.,* 464 U.S. at 553, 104 S.Ct. at 848.

Plaintiff, a white male, first contends that the court erred in overruling the plaintiff's *Batson* challenge to PSU's use of a peremptory strike to remove an African American male from the jury panel. [2] Plaintiff timely objected to the striking of this prospective juror at trial. At a bench conference, defense counsel informed the court that he struck this particular juror because the juror previously served on a jury that rendered a verdict in favor of the plaintiff in the action. However, as the court indicated on the record, during voir dire this particular juror only stated that he had been a member of a jury that returned a verdict in a civil case, but did not specify whether that verdict was for the plaintiff or defendant. Plaintiff renewed his objection and argued that counsel's reason was insufficient as a matter of law and that counsel's proffered explanation was pretextual.

The Supreme Court has very recently articulated the standard to be used in determining whether to grant a *Batson* challenge:

> Under our *Batson* jurisprudence, once the opponent of a peremptory challenge has made out a prima facie case of racial discrimination (step 1), the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination. The second step of this process does not demand an explanation that is persuasive, or even plausible. "At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral."

in civil cases. *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

---

1. The court uses the this term generally to refer to an objection founded principally upon the case of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and its progeny. Although *Batson* involved a criminal trial, its rationale and holding have been found equally applicable with regard to peremptory challenges

2. This juror was the only African American on the panel.

*Purkett v. Elem,* —— U.S. ——, —— – ——, 115 S.Ct. 1769, 1770–71, 131 L.Ed.2d 834 (1995) (citations omitted). "[T]he ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Id.* at ——, 115 S.Ct. at 1771.

■ For purposes of this motion the court assumes, without deciding, that plaintiff made out a prima facie case of racial discrimination at trial.[3] The burden, then, shifted to defense counsel to come forward with a race-neutral explanation. Counsel proffered that he struck the prospective juror because the juror had previously reached a verdict for a plaintiff in a civil case. This explanation was specific, it related to the case to be tried and was facially non-discriminatory. Thus, defense counsel satisfied his burden and it was then incumbent upon the plaintiff to persuade the court that the peremptory challenge was racially motivated.

■ Plaintiff demonstrated that counsel's belief was mistaken in fact, but failed to meet his burden to persuade the court that race otherwise motivated counsel. The court found as a matter of fact that counsel's belief that this prospective juror had previously reached a plaintiff's verdict, although mistaken, was the true motivation for the peremptory challenge and that the challenge was not motivated by the juror's race. After questioning defense counsel and observing his demeanor at length, the court determined not only that counsel was credible, but that he had truthfully represented his belief and intent and had not struck the juror because of the color of his skin. The best evidence on the question whether counsel's race-neutral explanation should be believed is often counsel's demeanor and credibility, "the evaluation of which lies 'peculiarly within a trial judge's province.'" *United States v. Kunzman,* 54 F.3d 1522, 1529 (10th Cir.1995); *see also United States v. Sneed,* 34 F.3d 1570, 1579 (10th Cir.1994) (trial court's findings on the issue of discriminatory intent largely turn on an evaluation of the prosecutor's credibility).[4] Despite plaintiff's pleas to the contrary, the court is simply not persuaded this factual finding was erroneous.

Plaintiff offers little evidence in support of his claim that defense counsel intentionally discriminated. Plaintiff primarily relies on the fact that the defense struck the only African American on the panel. However, in light of defense counsel's proffered reasons and the lack of any additional evidence of discrimination, this evidence alone is not compelling. The plaintiff is a white male who alleged discrimination on the basis of his age. Under the circumstances, in which there is a lack of racial identity between the plaintiff and the prospective juror and the subject matter of the lawsuit does not involve issues of race, the inference of race discrimination to be drawn from the mere fact that an African American was struck is not a particularly strong one.[5] Moreover, there was no evidence of a pattern of discrimination on the part of defense counsel, nor could the plaintiff point to any statements or questions of counsel during voir dire which could give rise to an inference of racial motivation.

■ The only other evidence plaintiff points to is the fact that certain white jurors were not struck. Even if other white jurors had had experiences similar to the struck

---

3. *Cf. United States v. Sneed,* 34 F.3d 1570, 1579–80 (10th Cir.1994) (issue of whether prima facie case was established was moot where prosecutor gave explanation of peremptory challenge and district court ruled on ultimate question of intentional discrimination).

4. Plaintiff contends that the Tenth Circuit implicitly held in *Sneed* that a mistaken belief is insufficient as a matter of law. The court disagrees. The Tenth Circuit simply was not faced with the issue because the prosecutor in that case proffered "other independent" reasons. *Sneed,* 34 F.3d at 1580.

5. Contrary to plaintiff's characterization in its papers, the court did not find that identity of race between plaintiff and the challenged juror is a *precondition* to a *Batson* challenge. Rather the court simply stated, and continues to find, that under the circumstances here the inference of intentional discrimination is weaker than it would be in a case where the remaining juror of a criminal defendant's race is struck. *Cf. Powers v. Ohio,* 499 U.S. 400, 416, 111 S.Ct. 1364, 1373–74, 113 L.Ed.2d 411 (1991) (holding that racial identity is not a condition to *Batson* challenge, but also recognizing that where racial identity exists, it may provide one of the easier cases to establish both a prima facie case and a conclusive showing that wrongful discrimination has occurred).

juror, this fact alone does not command a finding of discrimination as a matter of law. *See Kunzman,* 54 F.3d at 1529 (trial court's finding that prosecutor did not intentionally discriminate when striking black juror because he had no real estate experience was not clearly erroneous even though the prosecutor did not challenge white jurors who also lacked experience). Absent more compelling evidence that defense counsel's proffered justifications were pretextual, the court is simply not persuaded that counsel unlawfully discriminated or that a new trial is warranted on this basis.

Plaintiff next challenges the court's instructions in this case, arguing that the court committed plain error in three respects. Plaintiff first argues that Instruction No. 11 gave undue weight to the defendant's theory of the case. At trial, plaintiff objected to this instruction and proposed additional language to be inserted. The court specifically asked counsel to propose language which would cure the alleged defect in the instruction. Plaintiff proposed such language and the court, finding merit to plaintiff's position, adopted the proposed language virtually verbatim in the instruction. There was no further objection from counsel regarding this instruction. The plaintiff cannot now claim, after having lost his case on the merits, that the language he proposed was insufficient to balance the scales or to cure the instruction that allegedly "gave undue weight" to the defendant's theory of the case. As a whole, the instruction conveyed a correct statement of the law. Plaintiff is not entitled to a new trial on this ground.

The court finds plaintiff's remaining arguments also to be without merit. The mere fact that the term "pretext" was not used in the court's instructions does not indicate that there was any error, let alone one that affected the substantial rights of the parties. The court specifically instructed the jury that: "If you find that the defendant's proffered reasons for terminating plaintiff

are not the true reasons, you may infer that the real reasons are discriminatory." The fact that the court did not use a legal term to describe this concept was not erroneous.

Finally, plaintiff contends that the court failed to require that plaintiff prove an element of his prima facie case, namely that a younger person was hired in his place.[6] Instruction No. 11 set forth the elements of plaintiff's claim, not merely the elements of a "prima facie case" as that term is used in the shifting burden of proof scheme applied in discrimination cases. It correctly set forth the law regarding plaintiff's ultimate burden of proof on his ADEA claim. Moreover, even if an element of the claim was left out, the court fails to see how the plaintiff could have been prejudiced in any way. If the plaintiff was not required to prove an element of his claim, this could only have helped, not hurt, him and the argument that such an error entitles him to a new trial borders on frivolous.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for a new trial (Doc. # 85) is denied.

**IT IS SO ORDERED.**

---

**6.** Plaintiff argues that the court "should have instructed that the fourth factor plaintiff needed to prove was that a younger person was hired in plaintiff's place." However, had the court given such an instruction, plaintiff surely would be claiming now that it was in error. At trial, the evidence was not clear whether anyone was hired to replace the plaintiff. Rather, the evidence indicated that another employee merely assumed plaintiff's duties. To have required that the jury specifically find that a younger employee was hired in plaintiff's position would only have confused the jury and would not have helped it in the ultimate resolution of this matter.