# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00616-CR

**Harold A. White, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 51,240, HONORABLE JOE CARROLL, JUDGE PRESIDING

Appellant Harold A. White appeals from his conviction of attempted sexual assault. *See* Tex. Pen. Code Ann. '' 15.01(a), 22.011(a)(1)(A) (West 1994 & Supp. 2002). Appellant=s punishment, enhanced by two prior felony convictions, was assessed by the trial court at imprisonment for sixty-five years. On appeal, appellant asserts that the trial court erred in admitting hearsay evidence, in allowing the prosecutor to ask questions calling for speculation, and in failing to charge the jury on a lesser included offense. Appellant also complains of ineffective assistance of counsel. The judgment will be affirmed.

In his second point of error, appellant complains that the trial court erred in admitting hearsay evidence in violation of the rules of evidence. *See* Tex. R. Evid. 802. Glenn Sinclair was driving his pickup toward Stillhouse Hollow in Bell County, where he intended to fish. Sinclair was stopped by some Akids@ in a pickup. Over a hearsay objection, Sinclair was allowed to testify that the

kids told him not to go Adown there@ because A a guy down there is chasing a naked woman.@ Sinclair continued on his way. Sinclair testified that when he got Adown there@ an hysterical woman, who was naked, ran up to his pickup. The woman told Sinclair someone was chasing her and that he had beat her and was trying to rape her. A man wearing only his trousers came running out from the trees and told Sinclair to leave because this was none of his business. Sinclair=s testimony about what he observed was admissible, and his testimony about what the naked, hysterical woman told him was properly admitted as an excited utterance exception to the hearsay rule. *See* Tex. R. Evid. 803(2). Even if the complained of testimony was inadmissible, any error was harmless.

Other than constitutional error, any error must be disregarded unless it affects substantial rights of the defendant. *See* Tex. R. App. P. 44.2(b). The violation of a rule of evidence is generally considered nonconstitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997); *Tate v. State*, 988 S.W.2d 887, 890 (Tex. App.CAustin 1999, pet. ref=d). We have examined the record and conclude that the alleged error did not affect the appellant=s substantial rights. *See King*, 953 S.W.2d at 271; *Thomas v. State*, 1 S.W.3d 138, 142 (Tex. App.CTexarkana 1999, no pet.); *Hughes v. State*, 962 S.W.2d 689, 695 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d). Appellant=s second point of error is overruled.

In his third point of error, appellant insists that Athe trial court erred in allowing the prosecutor to ask questions of their witnesses that called for speculation on their part.@ Appellant relies on the rule of evidence that provides:

**2**

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness.

Tex. R. Evid. 602.

To illustrate appellant=s complaint, we quote from his brief:

While [the victim] was testifying on direct examination, she testified about the Appellant=s alleged attack on her. She said he hit her with his fists, pulled her hair, removed her clothes and ripped her pants. She said that he was calling her names and saying that she liked it. The prosecutor then asked her, AWhat did you believe he wanted to do?@

At this point, the Appellant objected on the grounds that the question called for speculation on the part of the witness. The court overruled the objection and allowed the witness to testify that the Appellant was trying to rape her.

Later in her testimony, she testified that the Appellant bent her over the car and attempted to penetrate her anus with his male sexual organ. The prosecutor asked her, AIf he had been able to get erect, could he have done that?@ [meaning to complete the penetration]. The Appellant objected on the grounds that the question called for speculation on the part of the witness. The court overruled the objection and allowed the witness to testify that yes he could have penetrated her.

The rule of evidence equally applicable to the victim=s testimony is the rule that provides:

If the witness is not testifying as an expert, the witness= testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness= testimony or the determination of a fact in issue.

Tex. R. Evid. 701.

@The perception requirement of Rule 701 is consistent with the personal knowledge requirement of Rule 602.@ *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997). @[W]hile a witness cannot possess personal knowledge of another=s mental state, he may possess personal knowledge of facts from which an opinion regarding mental state may be drawn. The jury is then free to give as much or as little weight to the opinion as it sees fit. Therefore, we conclude that once the proponent of the opinion establishes personal knowledge of the facts underlying the opinion, he has satisfied the perception requirement of Rule 701. This is so even if the opinion concerns culpable mental state.@ *Id*.

An appellate court reviews a trial court=s decision to admit or exclude evidence under an abuse of discretion standard. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Green v. State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); *Lawton v. State*, 913 S.W.2d 542, 553 (Tex. Crim. App. 1995). A reviewing court should not reverse a trial court=s ruling that is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990); *see also Weatherred*, 15 S.W.3d at 542; *Green*, 934 S.W.2d at 101-102. The victim=s testimony furnished sufficient facts for her to have an opinion and to testify that the appellant intended to rape her and that if he had had the physical ability he would have penetrated her anus with his male sexual organ. The victim was not speculating but had first hand knowledge about the facts to which she testified. The victim=s opinion that appellant intended to rape her and to penetrate her were opinions and inferences which were rationally based on her personal knowledge of his actions toward her. *See* Tex. R. Evid. 701(a). The second requirement of Rule 701 is that the opinion be helpful to the trier of fact to either understand the witness=s testimony or to determine a fact issue. The victim=s testimony here was no more than a shorthand

4

rendition of the facts. The trial court could have properly found that her testimony was helpful to a clearer understanding of her testimony or the determination of a fact issue, and there was no error in admitting it. *See id.* 701(b); *Solomon v. State*, 49 S.W.3d 356, 364 (Tex. Crim. App. 2001). The trial court did not abuse its discretion in admitting the complained of testimony.

In this same point of error, appellant makes a multifarious complaint that the prosecutor=s questions, propounded to a deputy sheriff who investigated the case and to a nurse who examined the victim, called for speculation. These complaints like those about the questions put to the victim are without merit. Therefore, we need not elongate our discussion of these matters. Appellant=s third point of error is overruled.

In his fourth point of error, appellant urges that the trial court erred in refusing to submit to the jury his requested charge on assault as a lesser included offense.[1] To determine whether a defendant is entitled to a lesser included offense instruction, a two-prong test is applied: (1) the lesser included offense must be included within the proof necessary to establish the charged offense, and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser included offense. *See Lofton v. State*, 45 S.W.3d 649, 651 (Tex. Crim. App. 2001);

---

[1] At the charging conference, defense counsel asked to dictate into the record his request for a charge on a lesser included offense. The trial court inquired whether counsel wanted the same charge that had been submitted to the jury in an earlier trial of the case. Counsel replied that he did. The court told counsel that he did not need to dictate his requested charge and then denied the requested charge. The lesser included offense charge submitted to the jury in the earlier trial was for assault causing bodily injury.

**5**

*Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000); *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993).

We must first determine whether assault causing bodily injury is a lesser included offense of attempted sexual assault.

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981).

A person commits the offense of attempted sexual assault if with the specific intent to cause the penetration of the anus of another person, by any means, without the consent of the other person, does an act amounting to more than mere preparation that tends but fails to effect the commission of the intended offense. *See* Tex. Pen. Code Ann. '' 15.01(a), 22.011(a)(1)(A) (West 1994 & Supp. 2002). A person commits the offense of assault causing bodily injury if the person intentionally, knowingly, or recklessly causes bodily injury to another. Tex. Pen. Code Ann. ' 22.01(a)(1) (West Supp. 2002). ABodily injury@ means physical pain, illness, or any impairment of physical condition. *Id*. ' 1.07(8) (West 1994). Bodily injury is not an element of the offense of attempted sexual assault. Assault causing bodily injury requires an additional element not required for the offense of attempted sexual assault. Therefore, assault by bodily injury is not established by proof of the same or less than all of the facts required to establish the charged offense of attempted sexual assault.[2] The trial court did not err by refusing to submit to the jury appellant=s lesser included offense charge. Appellant=s fourth point of error is overruled.

In his first point of error, appellant asserts that he was denied a fair trial because he did not have effective assistance of counsel. To prevail, appellant must first show that his counsel=s performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Specifically, appellant must prove, by a preponderance of the evidence, that his counsel=s representation fell below the objective standard of

---

[2] Although we do not so hold, there may be some additional question whether the completed substantive offense of assault causing bodily injury can be a lesser included offense of the inchoate, preparatory offense of attempted sexual assault.

professional norms. *Bone v. State*, No. 0473-00, slip op. at 7 (Tex. Crim. App. June 19, 2002); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). Second, appellant must show that this deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. This means that appellant must show a reasonable probability that, but for his counsel=s unprofessional errors, the result of the proceeding would have been different. *Bone*, at 7; *Mitchell*, 68 S.W.3d at 642. AReasonable probability@ is one sufficient to undermine the confidence in the outcome. *Mitchell*, 68 S.W.3d at 642. Unless a defendant shows both counsel=s deficient performance and that it resulted in prejudice, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland*, 466 U.S. at 687.

Appellant complains that in his second trial, counsel=s performance was deficient because counsel failed to obtain the court reporter=s complete transcription of the witnesses= testimony in the first trial. Defense counsel who represented appellant in the first trial, in which the mistrial was granted, did not represent appellant in his second trial. Further, appellant argues that this deficiency in trial counsel=s performance resulted in prejudice to his defense because counsel could not effectively cross-examine and possibly impeach the witnesses. Appellant concedes and the record shows that before this trial, his counsel obtained a transcription of the victim=s testimony in the first trial.

Appellant=s appellate counsel obtained a complete transcript of the testimony of all the witnesses in the first trial and filed a motion for new trial. The trial court conducted a hearing on appellant=s motion for new trial in which appellant alleged trial counsel was ineffective. In the hearing, the court reporter in the first trial, defense counsel in the first trial, and appellant testified. However, inexplicably, defense counsel in the second trial was not called to testify.

**8**

In the motion for new trial hearing, appellant testified that before trial he had in two letters asked defense counsel to obtain a record of all of the testimony in the first trial. Appellant also testified that during the second trial he pointed out to counsel discrepancies in the witnesses=testimony but that counsel ignored him.

In the hearing of his motion for new trial, appellant testified describing the discrepancies in the witness Sinclair=s testimony:

A. During the first trial Glenn Sinclair stated that [the victim] followed me around from whenever I went. In the second trial he stated that I drug her around by her hand, that I made her follow me wherever I went.

\* \* \*

A. He said during the first trial I wasn=t abusive to her. In the second trial he said I was.

Q. Okay. And was there anything else?

A. That=s basically it.

Concerning the alleged discrepancies in the testimony of Michelle Gerbozy, the Scott and White Hospital sexual assault nurse examiner, appellant testified:

Okay. During the first trial the nurse said that [the victim] wasn=t penetrated at all.

Q. Okay, And then was something different said in the second trial?

A. In the second trial the nurse stated that Sally said that she was penetrated in the vagina, that I did enter her vagina.

Q. In the second trial did she say she was not penetrated?

**9**

A.   She said that, and the medical report said that she wasn=t, but the nurse turned around and said that Sally said that she was.

From our reading of the record, appellant=s characterization of Gerbozy=s testimony is not accurate. However, the victim testified in the second trial that appellant did not penetrate her vagina or her anus.

Concerning Deputy Sheriff Steinhauer=s testimony, appellant testified:

Q.   Okay,  Did the two deputies, did their testimony change in any way?

A.   Steinhauer=s did a little bit, you know.  There was more issue [sic] brought Steinhauer this time than there was at the first trial.

Q.   Okay.  Was there different testimony or just additional testimony?

A.   Just additional.

Appellant faults his trial counsel after his conviction in the light of hindsight.  On the hearing of the motion for new trial, although having an opportunity to do so, appellant did not deny that during this trial he patted his defense counsel on the back, shook his hand, and told defense counsel what a fine job he was doing.

Although it may be good practice to obtain a transcription of all the testimony elicited at a prior trial, it has not been shown that counsel=s failure to do so in this case caused his representation to fall below the objective standard of professional norms.  This is especially so because trial counsel was not called as a witness on the motion for new trial to explain why he did not obtain the complete record of the

first trial. Moreover, appellant has utterly failed to demonstrate that his defense was prejudiced by trial counsel=s alleged deficient performance.

A reviewing court must Aindulge a strong presumption that counsel=s conduct falls within a wide range of reasonable representation.@ *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Appellant has failed to overcome the strong presumption that trial counsel was acting effectively at all times. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); *Gravis v. State*, 982 S.W.2d 933, 937 (Tex. App.CAustin 1998, pet. ref=d). Appellant=s first point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Affirmed

Filed: August 8, 2002

Do Not Publish

\*   Before Carl E. F. Dally, Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).