## Ex Parte Randell Marshall.

No. 2869.  Decided November 19, 1913.

**1.—Indeterminate Sentence—Punishment—Jury—Constitutional Law— Void for Uncertainty.**

The indeterminate sentence law, chapter 132, Act of Thirty-third Legislature, regular session, is wholly void, as the provisions of same are so indefinite that no construction can be given to them that render an enforcement of that law possible. Prendergast, Presiding Judge, dissenting.

**2.—Same—Case Stated—Verdict not Fixing Punishment.**

Where defendant was charged with a violation of article 597, Penal Code, and the jury rendered a verdict finding defendant guilty as charged in the indict-

ment, affixing no punishment and the judge sentenced defendant for a term not less than one nor more than three years in the penitentiary under the indeterminate sentence law, Act of Thirty-third Legislature, regular session, the judgment must be reversed and the cause remanded.

### 3.—Same—Functions of Jury—Punishment—Constitutional Law.

The Constitution of this State does not require that the jury shall assess the punishment, but only guarantees the right of trial by jury, and said Act would not be void on this ground; but this is the statutory requirement under article 770, Code Criminal Procedure, which is not repealed by said Act.

### 4.—Same—Statutes Construed—Applies to All Felonies.

The indeterminate sentence law, chapter 132, Act of Thirty-third Legislature, regular session, applies to all felonies, and can not be upheld on the ground that it applies only to a certain class of felonies. Prendergast, Presiding Judge, dissenting.

Appeal from the District Court of Grayson. Tried below before the Hon. W. M. Peck.

Appeal from a habeas corpus proceeding asking release from arrest and conviction under the Indeterminate Sentence Law, under which defendant was convicted of selling intoxicating liquors in local option territory.

The opinion states the case.

*Spearman Webb* and *Hamp P. Abney,* for appellant.—Cited Ex parte Allison, 48 Texas Crim. Rep., 634; Pitman v. Byars and wife, 51 Texas Civ. App., 83; Ex parte Dupree, 101 Texas, 150; Ex parte Roper, 134 S. W. Rep., 355; Ex parte Smythe, 56 Texas Crim. Rep., 375; Snodgrass v. State, 67 Texas Crim. Rep., 648, 150 S. W. Rep., 162; O'Connor v. State, 39 S. W. Rep., 368; Johnson v. State, 18 Texas Crim. App., 7; Fowler v. State, 9 id., 149.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The statement of facts filed in this cause shows that relator was indicted by the grand jury of Grayson County on August 9, 1913, charged with a violation of article 597 of the Penal Code. A capias was issued by the clerk of the District Court on the same day, and appellant was arrested and placed in jail.

The validity of this indictment, or the law under which it is drawn, is not questioned in these proceedings. So it may be said that he was legally arrested and confined in jail under a valid indictment.

Thereafter on the 18th day of August the case went to trial, and the jury returned the following verdict: "We, the jury, find the defendant guilty as charged in the indictment." No term of imprisonment or punishment being assessed or fixed by the jury. On the 13th day of September, 1913, the judge of the District Court pronounced sentence on defendant, and ordered him incarcerated in the penitentiary for a term not less than one nor more than three years.

Relator contends that the verdict and sentence are null and void, and

that the laws of this State require that the jury shall assess the punishment to be undergone as well as pass on his guilt or innocence. This brings in review chapter 132 of the Act of the Thirty-third Legislature, known as the Indeterminate Sentence Law. We will here say that we are passing on the Act passed at the regular session of the Thirty-third Legislature, and not the one passed at the special session, and nothing we shall say shall be considered as passing or in any way affecting the validity of the Act passed at the special session of the Legislature.

Article 770 of the Code of Criminal Procedure provides that the jury, in their verdict, must find that the defendant is either guilty or not guilty, and in addition thereto, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty. This is the law of this State, unless this provision of the Code insofar as felony cases are concerned was repealed by implication by the provisions of chapter 132 of the regular session of the Thirty-third Legislature. In this latter Act, in section 1, it is provided that when a person is on trial for any felony, except such as are punishable by death, the jury trying said cause shall ascertain whether or not said person is guilty of the offense charged, and if the death penalty is not assessed, they shall not assess the penalty, and the provisions relating to indeterminate sentences shall apply, and in pronouncing sentence on such person the trial judge shall sentence him to confinement in the penitentiary for a minimum and maximum period,—the minimum period being the least number of years affixed by law for said offense, and the maximum period, the maximum term fixed by law.

It is manifest that relator was tried under the provisions of this law, and if the law is valid, then the proceedings are regular; if the law, for any reason, is void, then relator has not had a legal trial and the proceedings had on the trial are void. The law is assailed on many grounds, but we do not deem it necessary to discuss all of them. One is that the Constitution of this State requires that the jury shall assess the punishment. In this view the writer does not concur, and does not think the law void for this reason. The right of trial by jury was a right guaranteed to our English ancestors, and brought with them to this country, and when we were declared a free and independent people, the right was incorporated in our Constitution, and without a change in the Constitution, this right can not be taken away nor abridged by legislative Act. But we do not think the fixing of the penalty by a jury is either implied or guaranteed by the Constitution. It was not so considered by our English ancestors, for when the right to be tried by a jury was accorded to them, the jury was only called on and permitted to try only the guilt or innocence of the accused and the judge assessed the penalty. This was so during our colonial days, and when this right to be tried by jury was placed in the Federal Constitution in 1776, down to the present time, it has never been construed to embrace the right to have the jury assess the punishment. In our Federal courts, operating under this Constitution, to

this day, the jury passes simply on the guilt or innocence of the accused, and if found guilty, the judge assesses the penalty, and this is the rule in many States of this Union, enjoying a Constitution worded, in this respect, the same as is our Constitution. Therefore we are of the opinion that our Constitution in guaranteeing a trial by jury, does not embrace the right to have the jury assess the penalty as well as pass on the guilt or innocence of one accused of crime. But, if article 770 was not repealed by implication as to felony trials by the aforesaid indeterminate sentence law, the accused has a *statutory right* to have the penalty to be undergone fixed by the jury in their verdict, and this right courts can not deny him.

But there is a ground which we think renders the indeterminate sentence law,—chapter 132,—wholly void. Article 6 of the Penal Code provides: "Whenever it appears that a provision of the Penal Code is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, *or from some other written law of the State,* such penal law shall be regarded as wholly inoperative." This is an emphatic rule of construction provided for by law for our government.

As hereinbefore stated, sec. 1 of chap. 132, provides: "Instead of pronouncing upon said person a definite time of imprisonment for a fixed term, after such finding or verdict, the court trying said cause shall pronounce upon such person an indeterminate sentence of imprisonment in the penitentiary for a term, stating in such sentence the minimum and maximum limits thereof, fixing as the minimum time for such imprisonment the time now or hereafter prescribed by law as the minimum time of imprisonment for the punishment of such offense, and as the maximum time, the maximum time now or hereafter prescribed by law as a penalty for such offense."

When we turn to the Penal Code or written law of this State, we find that the punishment fixed for various felonies includes as the minimum penalty merely pecuniary fines, and as the maximum penalty a term of years in the penitentiary. For instance: Article 1228 of the Penal Code provides that if any person shall intentionally break and cut any telegraph and telephone line, he shall be punished by confinement in the penitentiary not less than two nor more than five years, or by fine not less than $100 nor more than $2000.

Under the indeterminate sentence law if a man should be found guilty of this offense by a jury, what punishment would the judge pronounce against him? The law says he shall affix as the minimum, the minimum punishment fixed by law, and as the maximum punishment, the maximum fixed by law. So, the sentence would be, if any pronounced, that the defendant be punished by a fine of not less than $100, nor punished more than by confinement in the penitentiary for five years.

Many laws of a similar nature might be cited, another being that if any officer of a corporation shall consent to a contribution of money

by the corporation for the purpose of aiding or defeating the election of any candidate for office, he shall be punished by a fine of not less than $500 nor more than $1000, or by imprisonment in the penitentiary for not less than two years, nor more than five years, or by both such fine and imprisonment.

. After a jury had adjudged a person guilty of this offense, how could a trial judge apply the provisions of the indeterminate sentence law; and if he sentenced him to the minimum sum of a fine of $500, and a maximum punishment of five years in the penitentiary, would the officers of the penitentiary know whether or not to convey such person to the penitentiary, and if it should be held that he should be so consigned, when would he have served the minimum punishment fixed by law and be entitled to a parole under the provisions of section 2 of said Act? If he paid the $500 in cash without serving a day in jail or an hour in the penitentiary could the Board of Pardons parole him? Taking all the provisions of our Penal Code, it certainly appears that the provisions of this indeterminate sentence law are so indefinite that no construction can be given to them that render an enforcement of that law possible. The language used in the indeterminate sentence law, when considered in connection with a large number of the penal laws of this State, is of such doubtful meaning that one can not understand what punishment is to be meted out to persons found guilty of the offenses cited above, and similar offenses. However, it is insisted that the indeterminate sentence law was not intended to apply to felonies of that class. We know of no rule of construction that would authorize us to so hold. The Act by its terms applies to *all felonies,* and we can not see how we would be authorized to hold that it is valid and applies to certain felonies but does not apply to the other felonies. If the indeterminate sentence law is valid, it certainly repeals the law requiring the jury to assess the penalty in felony cases, and if so there would be no law authorizing them to fix the punishment where the penalty might be imprisonment in the penitentiary, or by fine only, and if imprisonment in the penitentiary is assessed, this shall be a fixed term of imprisonment, while in all other felonies an indeterminate sentence shall be assessed.

Other grounds are assigned why it is claimed the law is void, but we deem it unnecessary to discuss them, as we are of the opinion that it is so indefinitely framed, and of such doubtful construction that it is impossible to ascertain its meaning, the law is inoperative, and chapter 132 of the Act of the Thirty-third Legislature void, and so holding, it necessarily follows that article 770 of the Code of Criminal Procedure was not repealed in its application to felony convictions and appellant was entitled to have the jury assess the punishment as well as pass on his guilt or innocence, and the judgment and sentence based on the verdict fixing no penalty, are wholly void. Did we deem it necessary we would discuss the other grounds upon which it is claimed the law

is void, but as we have so held on this proposition, it would be a useless consumption of time.

However, appellant was arrested and incarcerated in jail on a valid indictment which is still pending against him, and he is remanded to the custody of the sheriff of Grayson County to be held by him to await legal trial under said indictment.

Relator remanded.

Relator remanded.

PRENDERGAST, PRESIDING JUDGE.—I concur in that part of Judge Harper's opinion holding that the Legislature can by law provide that the jury can pass only on the guilt of an accused and not fix the punishment, and when the jury by their verdict find an accused guilty, the judge alone can fix the punishment.

I have found much difficulty in arriving at a conclusion on the other question,—that is, whether the provisions of chapter 132, approved April 3, 1913, p. 262, are so indefinite as to render the whole Act void. After giving the question much thought and investigation, I think the Act is not void; that taking all its provisions and construing them together, which must be done, the Legislature did not intend to prohibit the jury from fixing the punishment of such felonies as provide for a fine only, or, in the alternative, a fine or a term in the penitentiary, but that the intent of the Legislature was that, as to such offenses, the jury by their verdict should assess the punishment, and that the judge in that class of felonies should not alone fix the penalty. I do not care to discuss the question at all.

DAVIDSON, JUDGE.—I concur in result reached by Judge Harper that the law is void. It is unnecessary, as I view the matter decided, to express an opinion on other phases of the Act.