LONNIE DAVIS v. THE STATE.

No. 2921. Decided March 11, 1914.

**Local Option—Indeterminate Sentence Law—Charge of Court.**

Where, upon trial of violation of the local option law, the court inadvertently submitted in his charge the indeterminate sentence law, which had been held to be invalid and void, and required the jury to pass on defendant's guilt, but fix no punishment, the same was reversible error. Following Ex parte Marshall, 72 Texas Crim. Rep., 83, 161 S. W. Rep., 112.

Appeal from the District Court of Grayson. Tried below before the Hon. J. C. Wall, Special Judge.

Appeal from a conviction of a violation of the local option law; no penalty affixed.

The opinion states the case.

*McReynolds & Hay,* for appellant.—On question of invalidity of law: People v. Cummings, 14 L. R. A. (Old Series), 285; In re Ridley, 106 Pac. Rep., 549; Sandoloski v. State, 65 Texas Crim. Rep., 33, 143 S. W. Rep., 151; Kendall v. State, 55 Texas Crim. Rep., 139, 114 S. W. Rep., 833; Dial v. Com., 133 S. W. Rep., 976; Stewart v. Com., 133 S. W. Rep., 202; Hunn v. Com., 136 S. W. Rep., 144; People v. Dane, 45 N. W., 655; Murphy v. Com., 43 L. R. A., 154.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was indicted for making an unlawful sale of intoxicating liquors in Grayson County, after the law prohibiting such sale was in force therein, making it a felony.

In submitting the case, the court told the jury if they believed the necessary facts, beyond a reasonable doubt, "then you will find defendant guilty as charged, but you shall not assess the punishment, leaving that to be assessed by the court as the law directs." The jury, in response

to this charge, merely found the appellant guilty as charged, but fixed no punishment. The court afterwards sentenced the appellant under the Indeterminate Sentence Law for not less than one, nor more than three years confinement in the State penitentiary.

Appellant saved the point in every way and contended then, and contends now, that the court's said charge was erroneous; that the jury must affix the punishment and that the court was not authorized to do so. In justice to the lower court, it must be said that he assumed that the first purported Indeterminate Sentence Law, passed by the regular session of the Thirty-third Legislature, p. 262, was a valid Act, and if it had been so, his charge, the verdict of the jury and the judgment and sentence would have been correct; but, upon full consideration, this court in the case of Ex parte Marshall, 72 Texas Crim. Rep., 83. 161 S. W. Rep., 112, held said Act invalid and void. So that, in accordance with said case, the charge, verdict, judgment and sentence in this case are clearly erroneous and necessitate the reversal of this case.

It is unnecessary to pass upon any other question raised or attempted to be raised. The judgment is reversed and the cause remanded.

*Reversed and remanded.*