NUMBER 13-99-656-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


___________________________________________________________________ 



ALBERT SALAZAR, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 214th District Court 

of Nueces County, Texas.

 ___________________________________________________________________ 



OPINION ON MOTION FOR REHEARING

Before Justices Hinojosa, Chavez, and Rodriguez

Opinion by Justice Chavez

 

 Appellant Albert Salazar was indicted for molesting the six-year-old brother and seven-year-old sister of a high school
student whom he visited about once a week to give saxophone lessons. He was found guilty of two counts of
indecency with a child, two counts of aggravated sexual assault, and one count of attempted aggravated sexual
assault.(1) 

 This Court previously held that appellant was not properly admonished as required by Boykin v. Alabama, 395 U.S.
238 (1969), when he pleaded guilty to the two indecency with a child allegations, and one of the aggravated sexual
assault allegations. We further held that appellant was improperly convicted on the other aggravated sexual assault
allegation because there was insufficient proof to corroborate appellant's extra-judicial confession. Appellant did not
contest the attempted aggravated sexual assault conviction. The State has now filed a motion for rehearing. 

 We grant the motion for rehearing, withdraw the opinion heretofore entered, and substitute this opinion in its place.
We affirm in part and reverse and render in part. 

 When the trial started, appellant pled guilty to three of the five charges. The court continued with a trial on the merits
on the two charges to which appellant pleaded not guilty without making any admonishments to him of his right
against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers when he made his
guilty pleas. He argues that before the trial court submitted the three guilty pleas to the jury, it was required to
admonish him about the consequences of his three guilty pleas and elicited a showing that he intelligently and
knowingly waived his right against compulsory self-incrimination, his right to trial by jury, and his right to confront his
accusers. 

 A defendant who enters a plea of guilty simultaneously waives several constitutional rights, including his right against
compulsory self-incrimination, his right to trial by jury, and his confrontation right. See Boykin, 395 U.S. at 243 n.5.
For such a plea to be valid under the due process clause, it must be an intentional relinquishment or abandonment of a
known right or privilege. See id. A waiver of these rights cannot be presumed from a silent record; the record must
affirmatively show that appellant's plea was voluntary and understandingly entered. See id. 

 Appellant points out that the right exercised by appellant to be sentenced by a jury is provided only by the code of
criminal procedure, and not by the Texas or federal constitutions. The federal constitutional right to trial by jury does
not include the right to have a jury at the punishment phase of trial. Parrish v. Beto, 414 F.2d 770 (5th Cir. 1969); Ex
parte Marshall, 161 S.W. 112, 113 (Tex. Crim. App. 1913). In Texas, there is both a constitutional right to a jury trial
and a statutory right to a jury trial. Tex. Const. art. I, § 10 (Vernon 1997); Tex. Code Crim. Proc. Ann. arts. 1.12, 1.13,
1.14, 1.15, 37.07 (Vernon 1977 & Supp. 2000). However, the Texas Constitutional right to a jury trial does not
include the right to have the jury assess punishment. Ex parte Moser, 602 S.W.2d 530, 533 (Tex. Crim. App.
1980);Bullard v. State, 548 S.W.2d 13, 16 (Tex. Crim. App. 1977); Ex parte Marshall, 161 S.W. at 113. The statutory
right does include the right to have the jury assess punishment. See Tex. Code Crim. Proc. Ann. arts. 1.12, 1.13, 1.14,
1.15, 37.07 (Vernon 1977 & Supp. 2000). Appellant was therefore exercising his statutory right to assessment of
punishment by a jury. 

 Appellant argues that he was exercising his statutory right to have punishment assessed by a jury, that he waived his
federal and state constitutional rights to a jury trial, and that therefore he should have been admonished of his rights as
required by Boykin. This argument conflicts with the law explained in Williams v. State,(2) and followed by this Court
in Garcia v. State, 877 S.W.2d 809, 812 (Tex. App.--Corpus Christi 1994, pet. ref'd).

 The jury assessed punishment after appellant pleaded guilty and after he was tried on the charges to which he did not
plead guilty. The State cites Garcia to support its case that because appellant's plea was before a jury, appellant
received a jury trial, and therefore the requirements of Boykin v. Alabama were unnecessary. In Garcia, a trial court
did not admonish an appellant of his right against compulsory self-incrimination, his right to trial by jury, and his
confrontation right. Garcia, 877 S.W.2d at 812. This Court stated, "Any plea before a jury has always been considered
a jury trial" and upheld the judgment of the trial court. Id. 

 Appellant argues that only pleas in capital cases before a jury constitute jury trials, that Garcia (a non-capital case)
relied on a case that dealt only with capital cases, and therefore we should overrule this Court's decision in Garcia and
reverse the judgement of the trial court. See Williams, 674 S.W.2d at 318. In Williams, a defendant was not
admonished of his right against compulsory self-incrimination, his right to trial by jury, and his confrontation right
when he pleaded guilty to capital murder and the jury assessed his punishment. Id. at 319-20. Appellant points out that
the court of criminal appeals stated inWilliams that "a plea of guilty before a jury in a capital case constitutes a trial by
jury." Id. at 319. However the Williams opinion also explains, "Clearly any plea before a jury has always been
considered a jury trial." Id. at 318. The discussion in Williams regarded the statutory right to a jury trial, and here, as
inWilliams, appellant exercised his statutory right to a jury trial. 

 Appellant points out that unlike non-capital cases and federal capital cases, in state capital cases only a jury may assess
the death penalty. Tex. Code Crim. Proc. Ann. arts. 1.13, 1.14 (Vernon Supp.2000). But this does not mean there
should be a difference in the proceedings for entering a plea in capital cases and non-capital cases. Williams provides
some history of the right in Texas to plead guilty before a jury. In the past, all felonies had to be pleaded before a
jury.Williams, 674 S.W.2d at 317. Pleas of guilty in this context were considered jury trials. Id. Later, only capital
felonies had to be pleaded to juries. Id. Defendants may now plead guilty, not guilty, or nolo contendre before a jury
in any case. Tex. Code Crim. Proc. Ann. art. 26.14 (Vernon 1989). Whether a defendant chooses to plead before a
jury in a non-capital case, or is required to do so in a capital case, the effect is the same; the jury hears the plea and, as
stated in Williams, there is no waiver of a jury trial. Williams, 674 S.W.2d at 318. 

 The State argues that there is no requirement that a defendant be informed of his right to cross-examine witnesses. The
cases the State relies on are not dispositive because, unlike the case before us today, the appellant in each case was at
least partially admonished of his rights. See Vasquez v. State, 522 S.W.2d 910, 912 (Tex. Crim. App. 1975);Johnson v.
State, 501 S.W.2d 306, 307 (Tex. Crim. App. 1973);Sims v. State, 783 S.W.2d 786, 789 (Tex. App.--Houston [1st
Dist.] 1990, no pet.). Each of these cases is a part of a line of caselaw that relies on Rose v. State465 S.W.2d 147 (Tex.
Crim. App. 1971). InRose, the court ruled that "[w]e know of no rule requiring the court to instruct the accused on
every aspect of the law pertinent to the case when the accused pleads guilty" when the appellant had been admonished
except as to his right to a trial by jury and to the law of circumstantial evidence. Id. at 149. This is not the situation
before us today. 

 We decline appellant's invitation to reverse our decision in Garcia. Appellant did not need to be fully admonished
because he was tried before a jury. Before the jury at the punishment phase of the trial, he exercised his right to
confront opposing witnesses and to refrain from testifying against himself. We uphold appellant's convictions for the
charges to which he pleaded guilty. 

 In his second issue for rehearing, appellant argues that because the six-year-old boy denied that appellant committed
the offense of aggravated sexual assault, and no evidence was admitted to corroborate his extra-judicial confession, the
evidence against him is legally insufficient. On this count, appellant was convicted of intentionally and knowingly
causing the six-year-old's penis to penetrate appellant's mouth. The State argues that it met the quantum of proof
necessary to corroborate appellant's extra-judicial confession. We disagree. 

 Neither appellant nor either of his victims provided testimony that he had done this. The boy's grandmother testified
about what the boy had told her about the incident, but she did not testify that appellant had put the boy's penis in his
mouth. Appellant testified that he did not notice an error in the confession when he signed it, such that the confession
should have said that he placed the boy's penis "on" his mouth, not "in" his mouth. 

 An extra-judicial confession alone will not support a conviction. Chambers v. State, 866 S.W.2d 9, 15 (Tex. Crim.
App. 1993); Self v. State, 513 S.W.2d 832, 837 (Tex. Crim. App. 1974). A defendant's extra-judicial confession must
be corroborated by other evidence tending to show that a crime was committed. Chambers, 866 S.W.2d at 15-16. The
court of criminal appeals reversed a conviction in a case similar to the one before us today. Smith v. State, 361 S.W.2d
390 (Tex. Crim. App. 1962). In Smith, both an alleged incest victim and perpetrator denied ever having sexual
relations. Id. at 391. The defendant, the victim's father, had made an extra-judicial confession stating that he had
sexual intercourse with his daughter many times. Id. The court of criminal appeals reversed, finding no corroboration
between the out of court confession and the crime alleged. Id. at 391-92. 

 This case follows Smith. The jury received no evidence of the crime other than the out of court confession which
appellant denies. We reverse appellant's conviction for aggravated sexual assault for the penetration of appellant's
mouth with the six-year-old boy's penis and render an acquittal. 

 We AFFIRM the judgment of the trial court in part and REVERSE AND RENDER in part. 

MELCHOR CHAVEZ 

Justice 





Publish. 

Tex. R. App. P. 47.3.



Opinion delivered and filed this 

the 12th day of October, 2000. 

 

1. See Tex. Pen. Code § 15.01 (Vernon 1994); Tex. Pen. Code §§ 21.11, 22.021 (Vernon Supp. 2000).

2. 674 S.W.2d 315 (Tex. Crim. App. 1984).