Opinion issued October 16, 2008 
 







    






In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-00983-CR
____________

HECTOR ESTEBAN MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 43333A



 
MEMORANDUM OPINION

          A jury convicted appellant, Hector Esteban Martinez, of first-degree felony
sexual assault,


 enhanced by a prior California felony conviction for driving under the
influence, and the court, having found the enhancement true, assessed punishment at
45 years in prison. We determine whether the evidence is legally and factually
sufficient and whether appellant was denied due process of the law when the trial
judge assessed appellant’s punishment. We affirm.
Facts
          The complainant, appellant’s 18-year-old daughter, was raised by her single
mother and grew up without any regular contact with appellant. She moved into
appellant’s house in September 2005, hoping to develop a father-daughter
relationship with him. In late October or early November 2005, appellant took the
complainant to stay with him in a one-bedroom unit at a Studio 6 extended-stay hotel
in Stafford. They stayed there for almost a week, sharing a bed, and during that time
appellant physically and verbally abused the complainant, threatened her, deprived
her of sleep, and forced her to submit to sexual activity with him. If she submitted
to him, he “wouldn’t do anything,” but if she did not submit, he would start hitting
her. Sometimes she acquiesced to his sexual demands “so it wouldn’t be so bad.” 
She did not want her father to engage in the sexual acts with her and would not have
participated if he had not hurt her and if she had not been in fear that he would beat
her more. Appellant penetrated the complainant’s anus and vagina with his penis and
his finger and made her perform oral sex on him. The sexual activity occurred daily,
sometimes multiple times a day, including on the day alleged in the indictment. 
          Appellant did not let the complainant leave the hotel room on her own. When
they left the hotel together on occasion to eat out, or to bring back food, and or to
apply for her passport, he never let her out of his sight. He did leave her alone once
while he went to get a television. 
          One night, they went to a nightclub, where they argued over a man who had
approached her at the club. After the argument, appellant left the club, driving away
in his van and leaving the complainant in the club parking lot. He returned for her
some 15 or 30 minutes later. On their way back to the hotel, appellant called the
complainant names, grabbed her shirt, and threatened that she “was going to get it.” 
The complainant understood this to mean that he was going to abuse her sexually and
physically, decided that she could not take it any more, and determined that she had
to do something. When they arrived at the hotel parking lot, after appellant had given
her permission to open the van door, the complainant ran from the van and into an
IHOP restaurant, where she borrowed a phone and called her mother to come and get
her. There were several police officers at the IHOP, but she did not speak to them. 
While waiting for her mother, the complainant spoke with appellant, who was still in
the parking lot, crying, begging her to return and to not “do this,” and telling her that
he was scared of her. She assured him that she would call him the next day and return
to him, pretending to care and trying to gain his trust. When the complainant’s
mother arrived, she left with her mother, but she began crying uncontrollably and
subsequently explained to her mother what had happened. They went to a hospital,
where the complainant underwent a forensic sexual assault examination and spoke
with the police. 
          The police secured a search warrant for the hotel room and collected towels and
bedding from it. They also obtained and executed a warrant for buccal swabs and
body hair from appellant. The medical examination of the complainant revealed
bruising and point tenderness in her genital area, point tenderness and two bleeding
tears in her anal area, and numerous bruises on other parts of her body, including her
left shoulder, right hip, left leg, and right nipple. The complainant told the nurse
examiner that appellant had sexually assaulted her rectally and vaginally with his
penis and had also penetrated her mouth. Oral, anal, and vaginal swabs and smears,
along with hair combings, were recovered from the complainant as part of the
examination.
          DNA testing established that appellant’s sperm was on a towel and pillowcase
recovered from the hotel room, and a mixture of appellant’s and the complainant’s
cells was identified on the same towel. A single sperm was located on an anal smear
slide from the complainant, but it could not be matched because a minimum of 30 to
40 sperm was necessary for a full male DNA profile.
Legal Sufficiency

          The indictment against appellant alleged, in relevant part, that appellant
penetrated the complainant’s female sexual organ or anus, without the complainant’s
consent, and that appellant “compelled complainant to submit and participate by the
use of physical force and violence or by threatening to use force and violence against
complainant, and complainant believed that the [appellant] had the ability to execute
the threat.”
           In his first issue, appellant contends that (1) the lack of physical evidence
indicates that he did not commit the offense and (2) the State failed to prove that the
penetration was without the complainant’s consent. Appellant specifically asserts
that the record does not show that the complainant sustained any injuries, arguing that
the bruises and abrasions noted on the medical records could not be confirmed to
have arisen from the alleged offense.


 Appellant also avers that in order to sustain his
conviction, the State was required to show that the complainant was threatened with,
or placed in fear of, death or serious bodily injury and asserts that the State failed to
do so. 
A.      Standard of Review
          In assessing legal sufficiency, the Court must consider the entire trial record
to determine whether, viewing the evidence in the light most favorable to the verdict,
a rational jury could have found beyond a reasonable doubt that the accused
committed all essential elements of the offense. Jackson v. Virginia, 443 U.S. 307,
318–19, 99 S. Ct. 2781, 2788–89 (1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex.
Crim. App. 2005). In conducting a legal-sufficiency review, we do not reevaluate the
weight and credibility of the evidence, but ensure only that the jury reached a rational
decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). It is the
function of the trier of fact to resolve any conflict of fact, to weigh any evidence, and
to evaluate the credibility of any witnesses. See Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim.
App. 1992); see also Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). 
 We therefore resolve any inconsistencies in the evidence in favor of the verdict,
Matson, 819 S.W.2d at 843, and “defer to the jury’s credibility and weight
determinations.” Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). 
 

B.      Applicable Law
          A sexual assault is without consent if “the actor compels the other person to
submit or participate by the use of physical force or violence.” Tex. Penal Code
Ann. § 22.011(b)(1) (Vernon Supp. 2008). There is no requirement under this
section that actual bodily injury be inflicted. See Edwards v. State, 97 S.W.3d 279,
291 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d) (holding that physical injury
is not necessary to prove that defendant compelled participation). Nor is there a
requirement that any “certain amount of force be used, only that [force] is used.” 
Gonzales v. State, 2 S.W.3d 411, 415 (Tex. App.—San Antonio 1999, no pet.). 
          Sexual assault may also be without consent “if the actor compels the other
person to submit or participate by threatening to use force or violence against the
other person, and the other person believes that the actor has the present ability to
execute the threat.” Tex. Penal Code Ann. § 22.011(b)(2) (Vernon Supp. 2008). 
There is no requirement under section 22.011(b)(2) that the threat be one of serious
bodily injury or death.


 Id. Moreover, when a complainant has previously been
beaten for refusing sexual advances from a person, the mere demand for sex from
such person on subsequent occasions carries with it an implicit threat of beating and
is sufficient to show a lack of consent. See Graves v. State, 994 S.W.2d 238, 244
(Tex. App.—Corpus Christi 1999, pet. ref’d, untimely filed) (holding that defendant’s
demands carried implicit threat that if complainant did not submit, she would be
beaten as she had been on at least one prior occasion; holding that evidence was
legally and factually sufficient); Smith v. State, 719 S.W.2d 402, 403–04 (Tex.
App.—Houston [1st Dist.] 1986, no pet.) (holding that “very demand of appellant for
sex with his daughter carried the implicit threat . . . that force and violence would be
used again if she did not submit” and holding that evidence was sufficient to show
lack of consent).
          Additionally, physical evidence of a sexual assault is not required in order for
the evidence to be legally sufficient to support a conviction for sexual assault. See
Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005) (stating that conviction under
Texas Penal Code section 22.011 or 22.021 is supportable on uncorroborated
testimony of victim if victim informed any person, other than the defendant, of 
alleged offense within year of date of alleged offense); see also Garcia v. State, 563
S.W.2d 925, 928 (Tex. Crim. App. 1978) (holding that complainant’s testimony,
standing alone, was legally sufficient to demonstrate penetration).
C.      Analysis 
           In the present case, the complainant specifically testified to the occurrence of
the sexual assault, and there was also physical evidence that corroborated her
testimony. The complainant also testified that appellant initially hit her to compel her
to submit to sexual acts with him and then continued to demand that she submit to
sexual acts with him, which she did, knowing that he would hit her if she did not. 
Viewing the evidence in the light most favorable to the verdict, a reasonable jury
could have found beyond a reasonable doubt that appellant committed the offense of
sexual assault and that the penetration was without the consent of the complainant, 
compelled by appellant’s use of physical force and violence or threats to use force
and violence against the complainant, and that the complainant believed that the
appellant had the ability to execute the threat. We hold that the evidence is legally
sufficient to support appellant’s conviction. 
          We overrule appellant’s first issue.
 

Factual Sufficiency
          In his second issue, appellant challenges the factual sufficiency of the evidence,
arguing that (1) the lack of relevant DNA or other physical evidence proves that he
did not commit the offense and (2) the complainant failed to provide “ample
testimony to show a sexual assault occurred.” Appellant argues that the evidence was
so weak, and contrary to the overwhelming weight of the evidence, that it was
factually insufficient.
A.      Standard of Review
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply because
we disagree with the jury’s resolution of that conflict. Id. Before concluding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id.          In conducting our review, we must be cognizant of the fact that a jury has
already passed on the facts and avoid substituting our judgment for that of the jury. 
Lancon v. State, 253 S.W.3d 699, 704–05 (Tex. Crim. App. 2008). The jury is the
sole judge of the credibility of the witnesses, and the weight to be given their
testimony, and may choose to believe all, some, or none of the testimony presented. 
Id. at 707. We therefore afford almost complete deference to a jury’s determination
when that decision is based on an evaluation of credibility. Lancon, 253 S.W.3d at
705. In conducting a factual-sufficiency review, we also must discuss the evidence
that, according to the appellant, most undermines the jury’s verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). We may not find the evidence factually
insufficient simply because we disagree with the verdict, but only because the verdict
represents a manifest injustice. Watson, 204 S.W.3d at 414. 
B.      Analysis
          As noted in our discussion of appellant’s legal-sufficiency challenges, there is
no requirement that there be physical evidence to sustain a sexual assault conviction,
and the complainant’s testimony alone is sufficient. However, in the present case,
appellant’s semen was found on a towel and pillowcase in the room that he shared
with the complainant, a sperm was found in the complainant’s anal smears, and
bruises and abrasions were found on the complainant’s body, including tears to her
anus. We also note, despite appellant’s assertions to the contrary, that the
complainant provided ample testimony showing that a sexual assault occurred. 
          Review of the evidence in a neutral light reveals that the evidence is not so
weak as to render the verdict wrong or manifestly unjust, nor is the verdict against the
great weight and preponderance of the evidence. The jury was rationally justified in
finding guilt beyond a reasonable doubt. We therefore hold that the evidence was
factually sufficient to support appellant’s conviction and overrule appellant’s second
issue. 
Procedural Due Process
          In his third issue, appellant contends that he was denied due process of the law
because the trial court assessed punishment even though appellant never knowingly
or intelligently waived his statutory right to have the jury assess punishment. 
Appellant contends that he filed an election of punishment prior to trial, selecting the
jury to assess his punishment, but, he asserts, the trial court nevertheless dismissed
the jury after its finding of guilt and assessed punishment itself. Appellant argues
that, in doing so, the trial court denied appellant due process of law. Appellant
provides no citations to any constitutional provisions, state or federal, and does not
discuss how the trial court’s actions violated his rights under any specific
constitutional provisions. He does, however, cite to a statutory provision, Texas
Code of Criminal Procedure article 37.07, section 2(b),


 and argues that he was
deprived of his statutory right to have his punishment assessed by a jury. 
          There is no federal or Texas constitutional right to trial by jury at the
punishment phase of trial. See Ex parte Moser, 602 S.W.2d 530, 533 (Tex. Crim.
App. 1980), overruled on other grounds, Polk v. State, 693 S.W.2d 381 (Tex. Crim.
App. 1985); Bullard v. State, 548 S.W.2d 13, 16–20 (Tex. Crim. App. 1977); Ex parte
Marshall, 72 Tex. Crim. 83, 85–86, 161 S.W. 112, 113 (1913). There are statutory
rights under Texas law that, under certain circumstances, provide a defendant with
the right to have the jury assess punishment. The statute pertinent to appellant’s
issue, article 37.07, section 2(b) of the Texas Code of Criminal Procedure, requires
the trial court to assess punishment when there has been a finding of guilty upon a
plea of not guilty, but it also provides, among other exceptions, that a defendant may
elect to have the jury who assessed his guilt also assess his punishment, if he does so
in writing and prior to the commencement of voir dire. Tex. Code Crim. Proc. Ann.
art. 37.07, § 2(b) (Vernon Supp. 2008). If a finding of guilt is returned, a defendant
may, with the consent of the attorney for the State, change his election as to who
assesses punishment. Id.
          Under the facts of this case, the trial court’s action in assessing punishment did
not deprive appellant of any of his statutory rights under article 37.07, section 2(b),
nor did it constitute a violation of procedural due process, because appellant never
exercised his statutory right to make a pretrial election to have the jury assess
punishment and his actions at trial and punishment demonstrated his agreement to
have the trial court assess his punishment.
          The record reflects that appellant was originally indicted under cause number
43333. Appellant filed a motion for the jury to assess punishment in that cause
number. Appellant was subsequently reindicted under a new cause number, cause
number 43333A, under which he was convicted. The original indictment, under
cause number 43333, was ultimately dismissed. When appellant was reindicted in
cause number 43333A, he did not file an election for jury punishment in that cause
number, nor did he make a motion for the trial court to adopt any pleadings filed in
the original cause number as part of the record in the new cause number. 
          The day before voir dire, trial counsel informed the court that counsel had
spoken with appellant the day before about deciding on his election of punishment,
and counsel explained to appellant that, if he did not make an election, the court
would assess punishment. In open court, appellant refused to sign an election of
punishment and was informed that the result would be that the court would assess
punishment. Appellant responded, “Do whatever you want to sir. I can’t stop you
guys from doing whatever you have planned.” The court asked appellant directly
whether he wanted the court or jury to assess punishment, and appellant began a
nonresponsive colloquy with the court. The court again asked if appellant wanted the
jury to assess punishment, and appellant responded that he had no choice on the issue
and would not sign any documents. The court then informed appellant that it would
assess punishment if the jury found him guilty.  
          At voir dire the next day, the court informed the voir dire panel members that
they would not be assessing punishment in the case, but only deciding appellant’s
guilt or innocence. Neither party objected to this comment, and neither questioned
the panel on punishment issues. After the guilty verdict, the court told appellant that
the court would assess his punishment, but that it was resetting the case so that a
presentence investigation could be done. No objection was made by any party. The
punishment hearing took place 60 days later, and no objection was lodged to the trial
court’s conducting the hearing or assessing the punishment. 
          Without an order in the present cause number adopting appellant’s motion for
the jury to assess punishment that had been filed in the original indictment, the
motion was not effective in the reindicted case. See Hanie v. State, 820 S.W.2d 7,
8–9 (Tex. App.—Dallas 1991, pet. dism’d w.o.j.) (holding that jury waivers filed in
prior indictment not effective in reindictment absent ruling adopting the waivers); 
see also Hughes v. State, 962 S.W.2d 689, 694–95 (Tex. App.—Houston [1st Dist.] 
1998, pet. denied) (holding that defendant’s Rule 404(b) motion was insufficient
because it was filed in previously dismissed case arising out of same transaction and
defendant did not file motion to adopt pleadings from that case). Moreover, the
failure to object to the assessment of punishment by a court waives any complaint that
punishment was not assessed by a jury, even if a timely election for a jury to assess
punishment has been filed. Hackey v. State, 500 S.W.2d 520, 521 (Tex. Crim. App.
1973) (holding that when court assesses punishment without objection from
defendant, it is presumed that defendant agreed that court assess punishment, even
if defendant had previously filed election for jury to assess punishment); Prudhomme
v. State, 47 S.W.3d 683, 690 (Tex. App.—Texarkana 2001, pet. ref’d) (holding that
when defendant elects for jury to assess punishment at beginning of trial, it is
presumed that defendant agreed at end of trial for court to assess punishment when
court did so and no objection from either party appears in record); see also Mangham
v. State, 833 S.W.2d 705, 708 (Tex. App.—Houston [1st Dist.] 1992, no pet.)
(holding that, in absence of objection to trial court’s assessment of punishment, no
reversible error was presented, even though defendant originally filed election for
jury punishment; court of appeals held that change of election was implicit, as
evidenced by conduct at voir dire and at punishment). 
In the present case, appellant failed to file a pretrial election, refused to sign a 
pretrial election when asked what his choice was by the trial court, refused to answer
the court directly as to his election for punishment, did not object when the venire
was informed that the jury would not assess punishment, did not question the venire
on punishment at voir dire, did not object when the jury was discharged after
returning a guilty verdict, did not object when his punishment hearing was reset for
a pretrial investigation report to be done, did not file any objections to the court’s
assessing punishment during the 60 days between the release of the jury and the
punishment hearing, did not object when the punishment hearing was convened
before the court, did not object at any time during the punishment hearing to the trial
court’s role as assessor of punishment, and did not object when the trial court actually
assessed punishment. Nor did appellant object that any of his statutory or
constitutional rights were being violated by the trial court’s assessing his punishment. 
Having failed to exercise his statutory right to elect the jury to assess punishment,
and having failed to object to the trial court’s assessing his punishment, appellant may
not now complain that the punishment procedure violated his statutory or
constitutional rights. See Hackey, 500 S.W.2d at 521; Prudhomme, 47 S.W.3d at 690;
Mangham, 833 S.W.2d at 708; Rodgers v. State, 640 S.W.2d 248, 265 (Tex. Crim.
App. 1982) (holding that failure to make due process objection to punishment
procedure waived complaint) (op. on second motion for reh’g); see also Weaver v.
State, No. 01-07-00178-CR, 2008 WL 2548807, at *9 (Tex. App.—Houston [1st
Dist.] June 26, 2008, pet. filed) (holding that there is no procedural due process
violation when trial judge assesses punishment if defendant failed to file timely
pretrial election for jury assessment of punishment).
 We overrule appellant’s third issue.
          Conclusion
          We affirm the judgment of the trial court.
 
 
Tim Taft
Justice
 
Panel consists of Justices Taft, Keyes, and Alcala.

Do not publish. See Tex. R. App. P. 47.2(b).