

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00366-CR
_____

**RANDALL LEE BAKER, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 55,364-C, Honorable Charles M. Barnard, Presiding

May 16, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Randall Lee Baker, appeals from an order "stacking" his sentences for his convictions of ten counts of promotion of child pornography. Through four issues, he contends the trial court erred by cumulating the ten sentences assessed in the promotion convictions. We reform all twenty judgments to correct clerical errors and affirm the judgments as reformed.[1]

---

[1]Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

*Background*

Appellant was charged in a twenty-count indictment involving ten counts of promotion of child pornography and ten counts of possession of child pornography. He received a jury trial on all counts and was found guilty on all counts. He, further, went to the jury for punishment wherein it assessed three years' imprisonment for each of the ten promotion charges and five years' imprisonment for each of the ten possession charges. However, the five-year prison sentences were suspended, and appellant was placed on probation for five years for each of the ten possession counts. The trial court then entered an "Order Stacking Sentences" wherein it set out how each sentence was to be served one after another until it reached Counts 11 through 20. Regarding counts 11-20, it said that they "shall run at the same time," but they were not to begin until after the "judgment and sentence in Counts 1-10 have ceased to operate." Appellant objected, saying:

> As applied to this defendant, the accumulation—the order, stacking sentences, violates the defendant's protection against double jeopardy under the United States Constitution, Amendment 5 and the Texas Constitution, Article 1, Section 10 and Section 19, and the requirement that the right of a jury trial be—remain inviolate under the Texas Constitution.

The trial court responded with "[s]o noted." Appellant appealed that stacking order.

*Issues One and Two and Four – violation of the "inviolate right to a jury trial"*

Through issues one, two and four, appellant contends that the statutes allowing a trial court to stack sentences 1) violate his right to a jury trial pursuant to Article 1, section 15 of the Texas Constitution and 2) infringe on his right to have the jury assess punishment. We overrule the issues.

Appellant's argument is ill founded. Long ago our Court of Criminal Appeals held that the Texas constitutional right to a jury trial does not include the right to have the jury assess punishment. *Ex parte Marshall*, 72 Tex. Crim. 83, 161 S.W. 112, 113-14 (Tex. Crim. App. 1913). That remains true today. *Duran v. State*, 363 S.W.3d 719, 725 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Given that, those statutes which allow a trial court to determine whether sentences run concurrently or consecutively cannot transgress a nonexistent constitutional right.[2]

*Issue Three – Separation of Powers*

Next, appellant contends that the aforementioned statutes violate the separation of powers doctrine. The sum total of his argument supporting his issue consists of alleging that 1) the "legislature did not have the power to delegate to the trial court the right to substantively and significantly vary the jury's assessment of a particular penalty"; 2) "[n]either the legislature nor the courts have the right to confer 'discretion' upon the trial court that amounts to the particular penalty . . . when the defendant has elected the jury for punishment"; and 3) "[t]he conferring of such 'discretion' amounts to an amendment of the Texas Constitution without the required voting process." Accompanying those conclusory statements are neither substantive argument nor citation to authority. As such, the issue presents nothing for review. *See Lucio v. State,* 351 S.W.3d 878, 896-97

---

[2]The statutes in question deal with the manner in which the convicted defendant serves his sentence or sentences. See TEX. PENAL CODE ANN. § 3.03(b)(3)(A) (West Supp. 2018) (stating that "the sentences may run concurrently or consecutively if each sentence is for a conviction of" an offense under section 43.26 involving the possession or promotion of child pornography); TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West 2018) (stating that "[e]xcept as provided by Subsections (b) and (c), in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly").

(Tex. Crim. App. 2011) (stating that the issue presented nothing to review since it was accompanied by neither argument nor citation to authority).

*Reformation of Judgments*

In our review of the record, it has come to our attention that all twenty judgments refer to the correct penal code section for the offenses of promotion and possession of child pornography, that being section 43.26, but not to the subsection pertaining to each of the separate offense. Each offense, possession or promotion, carries with it a different range of punishment. For possession of child pornography, generally, the range of punishment is that for a third-degree felony, or in other words 2-10 years in prison. See TEX. PENAL CODE ANN. § 12.34 (West 2019), § 43.26(a), (d) (West 2016). However, the range of punishment for promotion of child pornography is generally 2-20, the range for a second-degree felony. *Id.* § 12.33 (West 2019), § 43.26(e), (g). We further note that the trial court entered a "Stacking Order" which set out how appellant will serve his sentences. This order was referenced in the following manner: "Furthermore, the following special findings or orders apply: See Exhibit A for Order Stacking Sentences." The latter statement was found in Judgments for Counts 1-11. However, the Judgments for Counts 12-20 were missing the same language.

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b). *Ramirez v. State*, 336 S.W.3d 846, 852 (Tex. App.—Amarillo 2011, pet. ref'd)(citing *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears

4

in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* at 529-30.

Therefore, we reform the judgments for Counts 1-10 beside the heading "Statute for Offense:" to include the language "43.26(e), Penal Code." For Counts, 11-20, we reform the judgments to include the language "Section 43.26(a), Penal Code" next to the same header. Furthermore, we reform the Judgments concerning counts 12-20 to include after the phrase "Furthermore, the following special findings or orders apply:" the following language "See Exhibit A for Order Stacking Sentences" as it was pronounced by the trial court in open court.

Accordingly, the order of the trial court is affirmed, and the judgments are affirmed as reformed.

Brian Quinn
Chief Justice

Do not publish.

5