In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00377-CR**
**NO. 09-17-00378-CR**
**NO. 09-17-00379-CR**

_____

**CARYN LEE STUCKY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 17-01-00330-CR, 17-01-00332-CR, 17-01-00333-CR**

**MEMORANDUM OPINION**

Caryn Lee Stucky appeals from three separate judgments, trial court cause numbers 17-01-00330-CR, 17-01-00332-CR, and 17-01-00333-CR, convicting her under three indictments for intoxication assault.[1] We must answer two questions

---

[1] *See* Tex. Penal Code Ann. § 49.07(a) (West 2011) (Intoxication Assault).

1

common to all three of Stucky's appeals. First, when a defendant faces multiple charges arising from a single criminal act, does the Double Jeopardy Clause[2] prohibit the State from prosecuting Stucky on multiple intoxication assaults arising from one collision? Second, does the Texas Constitution provide defendants convicted of committing multiple crimes with the right to have juries decide whether their sentences should be stacked?[3]

We conclude the State did not violate the Double Jeopardy Clause by prosecuting Stucky for multiple crimes related to Stucky's prosecution in separate causes charging her with intoxication assault even though the causes were tried in a single proceeding. We also conclude that, by stacking Stucky's sentences, the trial court did not violate Texas constitutional provisions granting her the right to be tried by a jury.

I.

In 2017, while driving her pickup truck on a farm-to-market road in Montgomery County, Texas, Stucky drifted into oncoming traffic. Two vehicles

---

[2] *See* U.S. CONST. amend. V (Double Jeopardy).

[3] *See* Tex. Const. art. 1, §§ 10, 15 (providing defendants with the right to a jury trial).

traveling in the northbound lane swerved to avoid hitting Stucky's truck. But a third vehicle, a sedan, hit Stucky head-on. The three occupants in the sedan were injured.

About six weeks after the collision, which occurred in January 2017, a grand jury in Montgomery County returned three indictments, charging Stucky with the crime of intoxication assault. Just before the parties selected a jury, Stucky pleaded guilty to committing the intoxication assaults in trial court cause numbers 17-01-00330-CR and 17-01-00332-CR. Stucky, however, pleaded not guilty in cause number 17-01-00333-CR based on her claim that the passenger was not seriously injured in the collision. In the guilt-innocence phase of the trial, the jury rejected Stucky's arguments, finding her guilty on the indictment charging her with seriously injuring the back-seat passenger in the sedan.[4]

Stucky elected to have the jury assess her punishments on all three counts for intoxication assault. When the punishment-phase ended, the jury assessed Stucky's punishment at ten years in prison on each offense.

---

[4] While not pertinent to the issues in the appeal, we note that Stucky pleaded not true before trial to the allegations in the indictment alleging that she had used or exhibited the pickup truck as a deadly weapon. The trial court asked the jury hearing the case involving the back-seat passenger to answer special issues that asked whether Stucky used her pickup truck as a deadly weapon in trial court cause numbers 17-01-00330-CR, 17-01-00332-CR, and 17-01-00333-CR. The jury answered these issues: "We Do."

The trial court accepted the jury's verdict and released the jury. The trial court then pronounced Stucky's sentences, decided to stack her sentences, and required Stucky to serve the sentences in consecutive order beginning with her sentence in cause number 17-01-00330-CR.[5]

## II.

The Fifth Amendment's Double Jeopardy Clause prohibits a defendant from being prosecuted multiple times for the same offense.[6] Yet the Double Jeopardy Clause imposes few, if any, limitations on a state's legislative power to establish and to define crimes.[7]

Under Texas law, the Legislature proscribes the *allowable unit of prosecution*, which courts use to determine whether crimes are the same for purposes of the defendant's rights under the Double Jeopardy Clause.[8] The *allowable unit of*

---

[5] *See* Tex. Penal Code Ann. § 3.03(b)(1)(A) (West Supp. 2018) (providing that, when the defendant's convictions for intoxication assault arise out of the same criminal episode, the trial court may order the defendant to serve the sentences at the same time—that is, concurrently, or to instead, complete one sentence before beginning the next—that is, consecutively).

[6] *See Stevenson v. State*, 499 S.W.3d 842, 850 (Tex. Crim. App. 2016).

[7] *Ex parte Hawkins*, 6 S.W.3d 554, 556 (Tex. Crim. App. 1999) (citing *Brown v. Ohio*, 432 U.S. 161, 165 (1977)).

4

*prosecution* is "a distinguishable discrete act that constitutes a separate violation of the statute."[9] The Double Jeopardy Clause is not violated if the defendant's convictions are based on separate *allowable units of prosecution*.[10] This remains true when the defendant is convicted of having committed multiple offenses based on the same statute.[11]

The statute defining intoxication assault provides a person commits an offense if (1) the person, by accident or mistake, operates a motor vehicle in a public place while intoxicated, and (2) the defendant's intoxication causes a serious bodily injury to another person.[12] The *allowable unit of prosecution* for the crime of intoxication assault is based on the number of individuals victimized by the defendant's assault.[13]

---

[8] *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006) (citing *Hawkins*, 6 S.W.3d at 556); *see also Sanabria v. United States*, 437 U.S. 54, 69-70 (1978).

[9] *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011) (citations omitted).

[10] *Ex parte Benson*, 459 S.W.3d 67, 73 (Tex. Crim. App. 2015).

[11] *Id.*

[12] *See* Tex. Penal Code Ann. § 49.07(a).

[13] *See Shelby v. State*, 448 S.W.3d 431, 439-40 (Tex. Crim. App. 2014).

Stucky caused a collision that resulted in serious bodily injuries to three people.[14] Given there are three victims, and given the *allowable unit of prosecution* for the crime of intoxication assault, the State had the right to prosecute Stucky for three crimes because three individuals were injured in the same collision. We conclude that the State did not violate Stucky's rights under the Double Jeopardy Clause, which protects Stucky against the State prosecuting her for the same crime more than once.

### III.

In her second issue, Stucky claims the Texas Constitution required the trial court to allow the jury to decide whether her sentences should be stacked or served together.[15] We disagree. The Texas constitutional provisions protecting a defendant's right to be tried by a jury do not include the right to a jury trial on an issue that relates to punishment.[16]

---

[14] We note Stucky does not argue the evidence is insufficient to support the jury's verdict finding the three individuals in the sedan suffered serious bodily injuries.

[15] *See* Tex. Const. art. 1, §§ 10, 15.

[16] *See Bullard v. State*, 548 S.W.2d 13, 16 (Tex. Crim. App. 1977) (explaining the Texas Constitution does not include "the right to have the jury assess punishment"); *Ex parte Marshall*, 161 S.W. 112, 113-114 (Tex. Crim. App. 1913) ("Our Constitution, in guaranteeing a trial by jury, does not embrace the right to have

While a defendant has no constitutional right to a jury trial on punishment, defendants have a statutory right to a jury trial on punishment.[17] But that right does not include the right to have juries make the normative decisions involved in deciding whether the punishments juries assess should be served together or stacked.[18] So the statute that gave Stucky a right to have a jury decide her punishment does not provide Stucky with the right to have a jury decide whether her sentences should (or should not) be stacked.[19]

We conclude that Stucky's issues lack merit. The trial court's judgments in trial court cause numbers 17-01-00330-CR, 17-01-00332-CR, and 17-01-00333-CR are affirmed.

---

the jury assess the penalty as well as pass on the guilt or innocence of one accused of crime.") (cleaned up).

[17] Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b) (West Supp. 2018) (providing defendants in criminal cases filed in district and county courts with the right to have a jury assess punishment if the defendant has elected to have the jury assess punishment by filing a written election for a jury trial on punishment before *voir dire*).

[18] *Id*. § 42.08(a) (West 2018) (subject to exceptions that do not apply here, providing the trial court with the right in the court's discretion to order a defendant, following the defendant's conviction on more than one crime, to serve the sentences concurrently or consecutively, in the trial court's discretion); *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006) (explaining that the Texas Legislature has assigned the decision to cumulate, or not, to trial courts).

[19] *Id*.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 16, 2019
Opinion Delivered October 16, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

8